AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Funds in Bank of America account 139101718450<br>in the name Kay Shockley LLC or in escrow related<br>to account closure | )<br>)<br>)  Case No. 8:23-cr-831-KFM<br>)<br>) |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ____South Carolina____ is subject to forfeiture to the United States of America under ____18____ U.S.C. § ____981, 982____ *(describe the property)*:

c
Any and all funds up to $466,594.60 held within Bank of America account 139101718450 in the name Kay Shockley LLC or in escrow related to account closure. Those funds are to include actual active account funds or in escrow / indemnification fund funded by the suspect account upon account closure.

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

USSS Special Agent Joseph Lea
*Printed name and title*

by telephone
Sworn to before me and signed in my presence.

Date: 9/25/23  11:20 a.m.

_____
*Judge's signature*

City and state: Greenville, SC 29601

US Magistrate Kevin F. McDonald
*Printed name and title*

## AFFIDAVIT

I, JOSEPH J. LEA, being duly sworn, declare and state as follows:

### I.   INTRODUCTION

1. I am a Special Agent ("SA") with United States Secret Service ("USSS"), and have been so employed since August 2009. I am currently assigned to the Greenville Residence Office and primarily investigate financial crimes to include wire fraud, identity theft, credit card fraud, bank fraud and money laundering. Prior to becoming an SA with USSS, I was employed as police officer and detective since 2004, where I conducted numerous investigations of fraud schemes. I have received both formal and informal training from USSS and other institutions regarding cyber- and financial-related investigations, digital currencies, and computer forensics.

### II.   PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a warrant to seize the following (the "Subject Funds"):

   a. All funds up to $466,594.60 held within Bank of America account 139101718450 in the name Kay Shockley LLC or in escrow related to account closure. Those funds are to include actual active account funds or in escrow / indemnification fund, funded by the suspect account upon account closure. The current estimated value of the account is $466,594.60 USD.

3. As described more fully below, there is probable cause to believe that the Subject Funds represent the proceeds of one of more violations of 18 U.S.C. §§ 1343 (Wire Fraud), 1956 (Money Laundering), 1957 (Monetary Transactions in Criminally Derived Property), or a conspiracy to commit the same, (the "Subject

Offenses"), committed by Jeannie Kay Shockley and other unknown co-conspirators (the "Subjects"), and are therefore subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

4. In addition, there is probable cause to believe that the Subject Funds are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(f) because the property would, in the event of conviction on the alleged underlying offenses, be subject to forfeiture, and an order under section 21 U.S.C. § 853(e) would not be sufficient to assure the availability of the property for forfeiture.

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge of, or investigation into, this matter.

6. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and amounts are approximations.

### III. SUMMARY OF PROBABLE CAUSE

7. USSS, and local law enforcement agencies are investigating a Business Email Compromise (BEC) scheme. In brief summary, investigating agents have determined that an unknown person or persons became aware of a financial transaction in which funds were to be wired between two participants. This is often done through an infiltration of an email system of one of the parties after the wire details are finalized between the parties. The suspects send an

2

email from within the email system or from a similar email account with altered wiring instructions. This is often done by simply sending the email with the same letterhead but different receiving account number. When this is done, it is often not noticed until the accounts have been subsequently drained and forwarded on to another party.

### IV. STATEMENT OF PROBABLE CAUSE

8. Based on witness interviews, documents obtained from third parties, reports of interviews conducted by other law enforcement officers, conversations with other law enforcement officers, and publicly filed documents, I know the following:

**A. Victim J.A. Loses Funds in the BEC**

9. Based on conversations, emails and reports, I learned the following:

   a. On or about August 28, 2023, J.A., a resident of Pickens, S.C. was in the process of purchasing a home. He received what he believed to be legitimate wiring instructions for the final payment of $466,594.60. It came from an email account which resembled the law firm that was handling the escrow funds. The email also contained the appropriate signature line which resembled the firm handling the transaction. The victim traveled to his local Wells Fargo Bank and sent the wire as instructed. The funds were to be directed to the business of Kay Shockley LLC at the Bank of America account 139101718450. After sending the funds, the purported escrow firm stated that they did not receive the wire, and requested the funds be sent to an international account with a different financial institution. After speaking with the true

3

intended recipient, the victim J.A. realized that he might have been scammed and called the local Pickens County Sheriff's Office.

**B.   Subject Account**

10.  The subject account with Bank of America had previously been flagged by other financial institutions and the recipient account of funds received through violations of 18 U.S.C. § 1343 (Wire Fraud). As such, the account was on restriction at the time the funds were received from J.A. which allowed Bank of America to freeze the account and prevent the funds from being withdrawn. Thus there is probable cause to believe that the remaining funds in the account are direct proceeds of the wire fraud against J.A.

11.  On August 9, 2023, SA Lea reviewed transaction history in the Subject Accounts:

12.     Bank of America identified Jeannie Kay Shockley as the sole account holder of account (139101718450) in the name of Kay Shockley LLC. Over the last several months, this account has received funds or attempted to receive funds from victim accounts through wire fraud.

13.  Bank of America decided to close the account and hold the funds in an escrow account pending the return request determination from the sending and receiving banks. To date, the victim's funds have not been returned. Documents received from the victim's bank indicate that the "victims fraud claim was denied" due to the victim initiating the wire despite the wire being initiated based on false pretenses. A

4

seizure warrant is now required to ensure the funds will be returned to the victim.

14. Based on my training and experience, records provided by Bank of America, Wells Fargo, and local law enforcement, I believe the subject account was used by Shockley (or an unidentified third party) to receive proceeds from victims of wire fraud and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds obtained from the scam. Therefore, there is probable cause that the Subject Account was used to facilitate the commission of the Subject Offenses and contains proceeds of the Subject Offenses rendering it subject to seizure and forfeiture.

### V.    CONCLUSION

15. Based on the facts set forth above, there is probable cause to believe that the Subject Funds are subject to seizure pursuant to 18 U.S.C. § 981(b) and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) (rendering subject to forfeiture any property involved in a violation of 18 U.S.C. §§ 1956/1957) and § 981(a)(1)(C) (rendering subject to forfeiture any property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. §§ 1028, 1028A, 1343, 1344).

16. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account

holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds will be in the Government's custody once the warrant is served.

17. This affidavit has been reviewed by Assistant U.S. Attorney Carrie Fisher Sherard.

*Joseph Lea*
Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

Joseph J. Lea
USSS I Special Agent

Subscribed to and sworn by telephone this 25th day of September, 2023.

THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE

6